# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA TROJECKI and <br> MICHAEL TROJECKI, h/w, <br> Plaintiffs, <br> vs. <br> THE UNITED STATES OF AMERICA, <br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br> NO. 11-5379 |

Henry S. Perkin, M.J.                                                            March 5th, 2013

## MEMORANDUM

Before the Court[1] in this non-jury case brought pursuant to the Federal Tort Claims Act is the Motion of Defendant The United States of America to Exclude the Expert Testimony of John S. Posusney, P.E., and for Summary Judgment (Dkt. No. 28) filed on January 24, 2013. For the reasons set forth below, this Motion is granted in part and denied in all other respects.

## I. BACKGROUND.

In the early afternoon of December 21, 2009, Linda Trojecki fell on a slotted metal grate located in the vestibule floor of the United States Post Office located at 470 Boot Road in Downingtown, Pennsylvania. L. Trojecki Dep., pp. 14-16. At the time of the accident, Mrs. Trojecki was exiting the Post Office, having crossed the metal grating on her way into the facility without incident. Id. at 16.

On August 25, 2011, Mr. and Mrs. Trojecki filed a complaint in this Court against the United States pursuant to the Federal Tort Claims Act. Mrs. Trojecki alleged negligence against the United States and Mr. Trojecki asserted a derivative claim alleging loss of consortium.

---

[1] Jurisdiction has been conferred upon this Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule of Civil Procedure 72.1. (See Dkt. No. .)

Plaintiff provided liability and damages expert reports on November 6, 2012. Regarding the issue of liability, Plaintiff produced an engineering evaluation dated November 1, 2012 by John S. Posusney, P.E. Defendant produced its expert reports on December 6, 2012. On the issue of liability, the United States produced the expert report of Ronald J. Cohen, P.E. dated December 4, 2012. Attached as Exhibit 7 to Plaintiffs' Response to the instant Motion to Exclude was the January 17, 2013 supplemental report of Mr. Posusney. No expert depositions have been taken.

## II. DISCUSSION.

### A. Motion to Exclude the Expert Testimony of John S. Posusney, P.E.

The first portion of the instant Motion is to exclude the expert testimony of Plaintiffs' expert John S. Posusney, Professional Engineer. Mr. Posusney submitted two expert reports within the context of this litigation.

Defendant moves to preclude the expert testimony of Mr. Posusney on the basis that his proposed expert testimony contains no testable or reliable methodology to assist the trier of fact, in this case, the Court, concerning the safety of the metal grate, and thus, does not meet the reliability requirements of Federal Rules of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Federal Rule of Evidence 702 provides: "If the scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." F.R.E. 702. The trial judge should act as a gatekeeper to make sure that all expert testimony or evidence is both relevant and reliable. Clark v. Shonk, No. 4:CV-01-200, 2002 WL 34371511, at *1 (M.D. Pa. Feb. 6, 2002)(citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and Kannankeril v. Terminix Int'l Inc., 128 F.3d 802, 806

(3d Cir.1997) (citation omitted)). The Daubert gatekeeping function applies to all expert testimony. Id. (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)). "Rule 702 has three major requirements: (1) the proffered witness must be an expert ('qualifications'); (2) the expert must testify about matters requiring scientific, technical, or specialized knowledge ('reliability'); and (3) the expert's testimony must assist the trier of fact ('fit'). Id. (citing Kannankeril, 128 F.3d at 806 (citing In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 741-42 (3d Cir.1994)) and United States v. Mathis, No. 99-5940, 2001 WL 995170, at *11 (3d Cir. Aug. 30, 2001)(citing Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir.2000))).

The case is to be tried as a non-jury matter, meaning that this Magistrate Judge will act as the trier of fact. My colleague, Magistrate Judge David R. Strawbridge, noted in another non-jury case in which a motion in limine was filed to preclude expert testimony, that several courts within the Third Circuit have noted "[i]n a bench trial, this Court's 'role as gatekeeper pursuant to *Daubert* is arguably less essential' because a judge rather than a jury is the factfinder.'" SRP Management Corp. v. Seneca Ins. Co., No. CIV.A. 06-935, 2008 WL 706962, *2 (E.D. Pa. Mar. 14, 2008)(quoting Gannon v. U.S., Slip Op., Civ.A. No. 03-6626, 2007 WL 2071878, *1 (E.D.Pa. July 17, 2007) (internal citations omitted) (quoting Clark v. Richman, 339 F.Supp.2d 631, 648 (M.D.Pa.2004)) and Chase Manhattan Mortg. Corp. v. Advanta Corp., No. Civ. A. 01-507(KAJ), 2004 WL 422681, *9-10 (D. Del. Mar. 4, 2004)). Further, "courts within this Circuit to have considered the issue have further found: 'the Third Circuit has given no indication as to how and if *Daubert* hearings differ for bench trials. In the absence of prohibition or direction from the Third Circuit, reliability and relevancy challenges to an expert's opinions

may be considered during a bench trial.'" Id. (quoting Gannon, 2007 WL 2071878 at *1; Clark, 339 F. Supp.2d at 648-49; Chase Manhattan Mortg. Corp., 2004 WL 422681 at *9-10).

Based on the fact that we are called upon to act both to decide the questions presented in this motion and ultimately to find the facts at issue in this case, we will defer ruling on this motion for the present. Within the context of trial, we will hear testimony and argument as necessary on the issues presented in this motion and rule as appropriate at that time. "Vigorous cross-examination and presentation of contrary evidence will provide the best means" of determining the extent to which Mr. Posusney's opinion should be admitted and considered in this matter. Id. (quoting Clark, 339 F.Supp.2d at 648-49 (citations and quotations omitted)). Accordingly, the Defendant's Motion to Exclude the Expert Testimony of John S. Posusney, P.E. is denied without prejudice to Defendant's argument at trial about what weight, if any, the expert testimony should be given.

**B.    Defendant's Motion for Summary Judgment.**

The second portion of Defendant's motion seeks summary judgment on two bases: (1) that without an expert, assuming that this Court grants the motion to exclude Mr. Posusney, Plaintiffs cannot prove their negligence claim; and (2) Michael Trojecki did not exhaust his administrative remedies and therefore cannot continue his claim for loss of consortium.

1.    Michael Trojecki's Loss of Consortium Claim.

In response to the Motion, Plaintiffs withdraw Michael Trojecki's loss of consortium claim, therefore summary judgment is granted to the Defendant as to this claim. Thus, Count II of the Complaint and Mr. Trojecki as a party will be dismissed from this case. By

separate Order, I will direct the Clerk of Court to correct the caption of this case to reflect dismissal of Mr. Trojecki.

        2.        <u>Linda M. Trojecki's Negligence Claim</u>.

Defendant contends that if Mr. Posusney's opinion testimony is excluded, that Plaintiff's case is devoid of evidence showing that the metal grating caused Mrs. Trojecki to fall. Defendant therefore opines that it should be granted summary judgment as to Mrs. Trojecki's negligence claim. Because this Court has not excluded Mr. Posusney's testimony, the Government's motion for summary judgment fails. As there are numerous genuine issues of fact in dispute to assess Plaintiff's negligence claim in Count I of the Complaint, Defendant's Motion for Summary Judgment is denied.

An Order follows.